UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Charles S. Strobel**,

        Plaintiff,

vs.

**Ramsey County** and **Correctional Officer Nick Heininger**, Ramsey County employee, in his individual and official capacities,

        Defendants.

Court File No. 13-cv-00777 (PAM/SER)

**FIRST AMENDED COMPLAINT WITH JURY DEMAND**

---

## **INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution and under the common law of the State of Minnesota, against Ramsey County and Correctional Officer Nick Heininger, Ramsey County employee, in his individual and official capacities.

2. It is alleged that Defendant Officer Heininger used excessive force against Mr. Strobel, unlawfully detained Mr. Strobel, unlawfully punished Mr. Strobel, and engaged in conduct against Mr. Strobel that is shocking to the conscience, thereby violating Mr. Strobel's right to due process of law under the Fourteenth Amendment to the United States Constitution. It is also alleged that these violations were committed as a result of policies and customs of Defendant Ramsey County. It is further alleged that Defendants committed assault, battery, and false imprisonment against Mr. Strobel under Minnesota state law.

1

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Charles Strobel was at all material times a resident of Stanchfield, MN, and of full age.

6. Defendant Ramsey County is a municipal corporation and the public employer of Defendant Officer Heininger. Defendant Ramsey County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Defendant Officer Heininger.

7. Defendant Officer Heininger was at all times relevant to this complaint duly appointed and acting Correctional Officer of the Ramsey County Sheriff's Office, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County.

# FACTS

8. On or about November 29, 2011, Plaintiff Mr. Strobel was booked into the Ramsey County Adult Detention Center (ADC).

9. On the morning of November 30, 2011, at approximately 10:00 a.m., Mr. Strobel's bail was paid and Mr. Strobel was notified that he will be released shortly after. Mr. Strobel was then moved to a large holding cell with a number of other inmates who were about to be released.

10. Sometime between 10:00 a.m. and 11:00 a.m., Mr. Strobel and approximately 6-7 other inmates were instructed to exit the holding cell and form a line outside the cell. Mr. Strobel followed instructions, exited the cell, and got in line. Mr. Strobel was the last person in the line of inmates about to be released.

11. Several correctional officers were outside the cell to assist with the release process. One of these officers was Defendant Officer Heininger, who was an unusually tall and heavy man with a very intimidating stature and demeanor.

12. During the release process, each inmate was required to pass by a fingerprint-sensor device and provide a fingerprint reading from both hands. After this process was complete, each inmate was to be released and allowed to leave the jail.

13. As Mr. Strobel approached the fingerprint sensor, he noticed that Defendant Officer Heininger had become extremely agitated and verbally aggressive towards other inmates without justification. Officer Heininger was yelling, swearing, and intimidating several inmates ahead of Mr. Strobel for no reason whatsoever.

14. When Mr. Strobel approached the fingerprint sensor, Officer Heininger stated, "Right finger." Mr. Strobel responded by placing one of his right fingers on the sensor and he observed a red light come on.

15. Several seconds later, the red light turned off, and Mr. Strobel removed his right finger from the fingerprint sensor and prepared to place one of his left fingers on the sensor. At this time, Officer Heininger yelled out, "Did I tell you to do that?" Next, Officer Heininger became completely irate. Officer Heininger continued yelling at Mr. Strobel, called Mr. Strobel a "stupid cocksucker," referred to Mr. Strobel as a "son-of-a-bitch," and yelled at Mr. Strobel, "You're the dumbest mother-fucker I've ever seen!" Mr. Strobel looked at Officer Heininger's face and saw that Officer Heininger was extremely agitated and out of control.

16. Mr. Strobel apologized to Officer Heininger and explained that he removed his right finger because the right light had gone off and he thought it was time to place his left finger on the sensor. Officer Heininger did not respond and instead ordered Mr. Strobel back to the cell. At this time, Mr. Strobel was fully processed and could have been released. Mr. Strobel turned around and started walking back to the holding cell. During this period, Officer Heininger continued to yell, swear, and verbally attack Mr. Strobel.

17. Once Mr. Strobel started walking back towards the holding cell, Officer Heininger struck Mr. Strobel in the middle of his back from behind, using severe and excessive force and completely without justification. At the time of the use of force, Mr. Strobel was following instructions and simply walking back towards the holding cell, as he was instructed by Officer Heininger. Officer Heininger's attack caused Mr. Strobel severe and excruciating back pain and caused Mr. Strobel to stumble forward approximately 10 feet.

18. Once he came to a stop, Mr. Strobel instinctively went into a defensive stance to protect his body from further assaults. Officer Heininger walked up to Mr. Strobel and stated, "Come on, mother fucker. Take a swing – I dare you." Mr. Storbel, in fear of his life, made no

physical movements towards Officer Heininger. Officer Heininger next ordered Mr. Strobel to go inside the open cell.

19. Mr. Strobel followed instructions and walked into the cell. Immediately thereafter, Officer Heininger struck Mr. Strobel in the back from behind once again, using severe and excessive force and completely without justification. At the time of this second assault, Mr. Strobel was following instructions and simply walking into the holding cell, as he was instructed by Officer Heininger. Officer Heininger's second attack caused Mr. Strobel severe and excruciating back pain and caused Mr. Strobel to stumble forward to the opposite end of the cell. Mr. Strobel extended his hands and then hit the brick wall with the front of his body and his hands from the momentum.

20. Officer Heininger laughed at Mr. Strobel, closed the cell door, and left Mr. Strobel inside the cell.

21. Officer Heininger detained Mr. Strobel inside the cell for approximately 2.5 hours. During this period, Officer Heininger continuously walked by the cell, gave Mr. Strobel demeaning and threatening looks, and continued to intimidate Mr. Strobel verbally and physically. At one point during the detention, Officer Heininger told Mr. Strobel, "You're the dumbest son-of-a-bitch I've ever seen in my life."

22. As he sat inside the cell, Mr. Strobel experienced severe and excruciating pain all over his body from Officer Heininger's assaults, but especially in his back and neck.

23. After approximately 2.5 hours, Officer Heininger released Mr. Strobel from the cell and then immediately allowed Mr. Strobel to leave the ADC.

24. Shortly after his release, Mr. Strobel filed an administrative complaint against Officer Heininger with Ramsey County Internal Affairs. Ramsey County has since sustained Mr.

Strobel's complaint and has determined that Officer Heininger engaged in misconduct against Mr. Strobel.

25. As a result of the Defendants' actions, Mr. Strobel endured severe and ongoing physical pain, suffering, and discomfort for an extended period of time.

26. As a result of the Defendants' actions, Mr. Strobel suffered emotional/psychological trauma, anguish, and distress, including depressed mood, anxiety, paranoia, fear, insecurity, difficulty sleeping, nightmares, diminished appetite, and diminished quality and enjoyment of life.

27. As a result of the Defendants' actions, Mr. Strobel required medical attention and treatment to alleviate the pain and treat his injuries.

28. As a result of the Defendants' actions, Mr. Strobel was unlawfully detained inside the ADC for approximately 2.5 hours.

29. As a result of the Defendants' actions, Mr. Strobel suffered shame, humiliation, and embarrassment.

## **INJURIES SUFFERED**

30. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional right to substantive and procedural due process of law under the Fourteenth Amendment to the United States Constitution;

    b. Unlawful detention of his person for approximately 2.5 hours;

    c. Physical pain, suffering, and discomfort, as outlined above;

    d. Emotional/psychological trauma, anguish, distress, and suffering, as outlined above.

31. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Right to remain free from excessive use of force;

    b. Right to procedural due process of law;

    c. Right to substantive due process of law.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT EXCESSIVE FORCE VIOLATION AGAINST OFFICER HEININGER

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33. Based on the above factual allegations, Defendant Officer Heininger, through his actions, acting under the color of state law, violated Ms. Strobel's constitutional right to remain free from excessive use of force under the Fourteenth Amendment to the United States Constitution when he assaulted Mr. Strobel twice without justification.

34. Officer Heininger's actions against Mr. Strobel, as outlined above, constitute punishment, were carried out for the purpose of punishment, deprived Mr. Strobel of his Fourteenth Amendment liberty interest to remain free from punishment through bodily injury, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

35. As a result of these constitutional violations, Mr. Strobel suffered damages as aforesaid.

## COUNT 2: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION AGAINST OFFICER HEININGER

36. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

37. Based on the above factual allegations, Defendant Officer Heininger, through his actions, acting under the color of state law, violated Ms. Strobel's Fourteenth Amendment right to substantive due process of law. Specifically, Mr. Strobel had a Fourteenth Amendment liberty interest in being promptly released from the ADC after the fingerprinting procedure and in not being detained inside the ADC without justification for 2.5 hours.

38. Officer Heininger deprived Mr. Strobel of these liberty interests when he forced Mr. Strobel back inside the holding cell after Mr. Strobel was fully processed and ready to be released and when he detained Mr. Strobel inside the ADC for an additional 2.5 hours without justification.

39. Officer Heininger's actions against Mr. Strobel, as outlined above, constitute punishment, were carried out for the purpose of punishment, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

40. As a result of these constitutional violations, Mr. Strobel suffered damages as aforesaid.

## COUNT 3: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION AGAINST OFFICER HEININGER

41. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

42. Based on the above factual allegations, Defendant Officer Heininger, through his actions, acting under the color of state law, violated Ms. Strobel's Fourteenth Amendment right to procedural due process of law. Specifically, Mr. Strobel had a Fourteenth Amendment liberty interest in being promptly released from the ADC after the fingerprinting procedure and in not being detained inside the ADC without justification for 2.5 hours.

43. Officer Heininger deprived Mr. Strobel of these liberty interests without procedural due process of law when he forced Mr. Strobel back inside the holding cell after Mr. Strobel was fully processed and ready to be released and when he detained Mr. Strobel inside the ADC for an additional 2.5 hours without justification.

44. Officer Heininger's actions against Mr. Strobel, as outlined above, constitute punishment, were carried out for the purpose of punishment, were not reasonably related to any legitimate governmental interest or purpose, and were carried out without procedural due process of law.

45. As a result of these constitutional violations, Mr. Strobel suffered damages as aforesaid.

### COUNT 4: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATIONS AGAINST RAMSEY COUNTY

46. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

47. Prior to November 30, 2011, Defendant Ramsey County developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in Ramsey County or in the custody of Ramsey County, which caused the violations of Mr. Strobel's constitutional rights.

48. It was the policy and/or custom of Defendant Ramsey County to inadequately supervise and train its employees, including Defendant Officer Heininger, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

49. As a result of these policies and/or customs and lack of training, employees of Ramsey County, including Defendant Officer Heininger, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

50. These policies and/or customs and lack of training were the cause of the violations of Mr. Strobel's constitutional rights alleged herein.

### COUNT 5: ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

51. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

52. Based on the above factual allegations, Defendant Officer Heininger assaulted Mr. Strobel. Specifically, Officer Heininger engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Mr. Strobel in immediate, imminent, and direct fear and apprehension of an offensive touching when Officer Heininger struck Mr. Strobel in the back twice using severe, excessive, and unnecessary force, all without justification or provocation by Mr. Strobel.

53. As a direct and proximate result of this assault, Mr. Strobel suffered damages as aforesaid.

### COUNT 6: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

54. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

55. Based on the above factual allegations, Defendant Officer Heininger battered Mr. Strobel. Specifically, Defendant Officer Heininger engaged in intentional, offensive, and unpermitted contact with Mr. Strobel when Officer Heininger struck Mr. Strobel in the back twice using severe, excessive, and unnecessary force, all without justification or provocation by Mr. Strobel.

56. As a direct and proximate result of this battery, Mr. Strobel suffered damages as aforesaid.

**COUNT 7: FALSE IMPRISONMENT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

57. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

58. Based on the above factual allegations, Defendants falsely imprisoned Mr. Strobel. Specifically, Defendants intended to confine Mr. Strobel for an additional 2.5 hours, Mr. Strobel was actually and unlawfully confined by Defendants for approximately 2.5 hours, and Mr. Strobel was aware that he was being unlawfully confined by Defendants for approximately 2.5 hours on November 30, 2011.

59. As a direct and proximate result of this false imprisonment, Mr. Strobel suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed the torts of assault, battery, and false imprisonment against Plaintiff under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF, CHARLES S. STROBEL, HEREBY DEMANDS A JURY TRIAL.**

                                          THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: September 3, 2013                    By: s/ Zorislav R. Leyderman
                                                  ZORISLAV R. LEYDERMAN
                                                  Attorney License No. 0391286
                                                  Attorney for Plaintiff
                                                  The Law Office of Zorislav R. Leyderman
                                                  222 South 9th Street, Suite 1600
                                                  Minneapolis, MN 55402
                                                  Tel: (612) 876-6626
                                                  Email: zrl@ZRLlaw.com